**James I. WYNN, Jr., Pro Se,**
**Plaintiff–Appellant,**

v.

**AC ROCHESTER GENERAL MOTORS CORPORATION, James Whiteside, personally and in his capacity as Director of Personnel, International Union of Automobile, Aerospace and Agricultural Implement Workers of America, and Denny Milford, personally and in his capacity as President of Local 1097, Defendants–Appellees.**

No. 03–7358.

United States Court of Appeals,
Second Circuit.

May 11, 2004.

James I. Wynn, Jr., Rochester, NY, for Appellant, pro se.

James Holahan, Rochester, NY, for Defendants–Appellees AC Rochester and James Whiteside.

John A. Collins, Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria LLP, (Richard Lipsitz, on the brief), Buffalo, NY, for Defendants–Appellees UAW and Denny Milford.

PRESENT: WALKER, Chief Judge, OAKES, and POOLER, Circuit Judges.

SUMMARY ORDER

Plaintiff-appellant, James I. Wynn, Jr., *pro se*, appeals a March 3, 2003 order of the United States District Court for the Western District of New York, (Larimer, *District Judge* ), dismissing claims of, *inter alia*, race discrimination under Title VII, fraud, and negligence against defendant-appellees, AC Rochester General Motors Corporation ("AC Rochester") and James Whiteside. In the same order, the district court *sua sponte* dismissed his claims against the International Union of Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") and Denny Milford. Both dismissals were based on, *inter alia, res judicata*, the expiration of the relevant statutes of limitation, and Wynn's failure to file a timely charge of discrimination with the EEOC. The district court also granted, in part, AC Rochester and Whiteside's motion for sanctions by issuing an injunction that requires Wynn to seek leave from the court before commencing any lawsuit against AC Rochester and Whiteside relating to his termination from General Motors.

On appeal, Wynn argues that (a) the district court abused its discretion by *sua sponte* dismissing his claims against UAW and Milford; (b) his claims are not barred by *res judicata* because they were not part of the previous state court decision on the merits; and (c) his claims are not barred by the relevant statutes of limitation.

Having reviewed the record, we conclude that Wynn's claims are plainly time-barred both by the relevant statutes of limitation and because Wynn failed to file a timely charge with the EEOC. *See Butts v.*

*City of New York Dep't of Hous. Preservation & Dev.,* 990 F.2d 1397, 1401 (2d Cir. 1993).

Wynn further contends that the district court abused its discretion by issuing an injunction barring him from further litigation against AC Rochester and Whiteside. We disagree.

The district court identified relevant facts, as set forth in Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir.1986), showing that Wynn, despite his pro se status, should be subject to an injunction against further litigation. See Bridgewater Operating Corp. v. Feldstein, 346 F.3d 27, 30 (2d Cir.2003); In re Martin–Trigona, 737 F.2d 1254, 1261–62 (2d Cir.1984) (affirming an injunction limiting a litigant's access to the federal courts and imposing a notice requirement on a litigant's access to state courts in light of a record of repetitious litigation). We therefore affirm the imposition of the permanent injunction that requires Wynn to seek leave from the court before commencing any lawsuit against AC Rochester General Motors Corporation, General Motors Corporation or its subsidiaries or any agent or employee of those entities concerning Wynn's layoff and subsequent separation from General Motors in 1986–1987. Accordingly, for the foregoing reasons, the judgment of the district court is hereby AFFIRMED.