413 F.3d 252
 INDEPENDENCE PARTY OF RICHMOND COUNTY, State Committee of the Independence Party of New York, Steven K. Isler, Frank Morano, Sarah Lyons, Frank M. Mackay, Bernadette Stannard, Susan Lopresti, and Kathleen Ellis, Plaintiffs-Appellees,
v.
Nero GRAHAM, Jr., Frederick M. Umane, Weyman A. Carey, Michael J. Cilmi, Mark B. Herman, Douglas A. Kellner, Terrence C. O'Connor, Joseph J. Savino, Nancy Mottola-Schacher, and Stephen H. Weiner, Commissioners of Elections, Constituting the Board of Elections in the City of New York, Defendants-Appellants.
Docket No. 04-4859-CV.
 United States Court of Appeals, Second Circuit.
 Argued: June 22, 2005.
 Decided: June 27, 2005.
 
 Gary Sinawski, New York, N.Y., for Plaintiffs-Appellees.
 Julie Steiner, Assistant Corporation Counsel, for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y. (Barry P. Schwartz, of counsel), for Defendants-Appellants.
 Before: MINER, and CALABRESI, Circuit Judges, and KEENAN, District Judge.*
 CALABRESI, Circuit Judge.
 
 I. Introduction
 
 1
 This is an interlocutory appeal from the grant of a preliminary injunction entered against Defendants-Appellants Nero Graham, Jr., Frederick M. Umane, Weyman A. Carey, Michael J. Cilmi, Mark B. Herman, Douglas A. Kellner, Terrence C. O'Connor, Joseph J. Savino, Nancy Mottola-Schacher, and Stephen H. Weiner (collectively, "the Board of Elections," or, "the Board"). The injunction required the Board of Elections to permit the Independence Party of Richmond County to open its September 14, 2004 primary election for Richmond County public offices to participation by voters who were not enrolled in the Independence Party, or any other political party ("unaffiliated voters"). The underlying complaint, brought by Plaintiffs-Appellees Independence Party of Richmond County, State Committee of the Independence Party of New York, Steven K. Isler, Frank Morano, Sarah Lyons, Frank M. MacKay, Bernadette Stannard, Susan Lopresti, and Kathleen Ellis (collectively, "the County Party"[1]), stems from the refusal by the Board of Elections to honor a resolution passed by the Executive Committee of the Richmond County Independence Party declaring that Richmond County unaffiliated voters were "invited and permitted to vote in any Independence Party primary elections that may be conducted for public offices whose districts are wholly contained within Richmond County." On September 14, 2004 an open primary took place in accordance with the preliminary injunction. We dismiss the appeal as moot.
 
 II. Factual Background
 
 2
 On April 18, 2004 the County Executive Committee of the Independence Party of Richmond County adopted a resolution ("the Executive Committee Resolution") stating:
 
 
 3
 WHEREAS, the Independence Party of Richmond County desires that registered voters who are not enrolled in any party, as well as Independence party members, be permitted to vote in Independence Party primary elections for public offices in 2004,
 
 
 4
 BE IT RESOLVED by the Executive Committee of the Independence Party of Richmond County, a quorum being present, representing and acting on behalf of the County Committee of the Independence Party of Richmond County,
 
 
 5
 THAT all registered voters of Richmond County who are not enrolled in any party, as well as Independence Party members, are hereby invited and permitted to vote in any Independence Party primary elections that may be conducted for public offices whose districts are wholly contained within Richmond County, as well as for public offices whose districts are particularly within Richmond County provided that the Independence Party of Kings County does not object.[2]
 
 
 6
 By letter of May 20, 2004 Plaintiff-Appellee Steven K. Isler ("Isler"), Chairperson of the County Committee and of the Executive Committee of the Richmond County Independence Party, transmitted to the Board of Elections a copy of the Executive Committee Resolution. Isler requested that the Board of Elections allow Richmond County unaffiliated voters, in addition to voters enrolled in the Independence Party, to vote in the upcoming September 14, 2004 primary elections for Richmond County public offices. The Board responded by letter of June 18, 2004, denying the County Party's request on the ground that the Executive Committee Resolution was not a "party rule" enacted by the full County Committee of the County Party in accordance with notice and quorum rules contained in the County Party's Rules and Regulations, as well as in the New York State Election Law, see N.Y. Elec. Law § 2-114.
 
 
 7
 On August 7, 2004 appellees' attorney wrote to the Board of Elections to ask whether it would reconsider its decision not to honor the Executive Committee Resolution in the upcoming primary election. The letter contended that the County Party was constitutionally entitled to open its primary elections in the manner specified by the Executive Committee Resolution, and stated that the County Party intended to file suit if the Board denied its request. The Board reconsidered the issue, but reaffirmed its prior determination.
 
 
 8
 The County Party then filed the instant action, pursuant to 42 U.S.C. § 1983, contending that the Board of Election's refusal to honor the Executive Committee Resolution violated the Plaintiffs-Appellees' First and Fourteenth Amendment rights to speak and associate freely and to cast their votes effectively. The complaint sought (a) preliminary and permanent injunctive relief "directing defendants to permit unenrolled voters to participate in Independence Party primary elections for public offices that represent districts which are wholly within Richmond County," and (b) a declaration that the Board of Elections's refusal to permit the Richmond County Independence Party to open its primary to unaffiliated voters was unconstitutional.
 
 
 9
 Oral argument was held before the district court on August 30, 2004. This, according to the Board of Elections, was forty-eight hours before a decision would be needed if the polling places were to be properly equipped to administer an open primary. The following day, the district court issued a memorandum and order directing the Board of Elections "to take all necessary steps to ensure that unaffiliated registered voters may participate in the Independence Party primary election for Richmond County public offices scheduled for September 14, 2004."
 
 
 10
 The Board of Elections appealed.
 
 III. Discussion
 
 11
 There is no question that we have statutory jurisdiction over the instant appeal: The complaint states federal causes of action under to 42 U.S.C. § 1983, and the appeal of the district court's preliminary injunction is permitted by 28 U.S.C. § 1292(a)(1), which allows immediate appeals of "[i]nterlocutory orders of the district courts ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions."
 
 
 12
 Statutory authority, however, is not sufficient to satisfy the jurisdictional requirements of Article III of the Constitution. We are empowered by Article III to render opinions only with respect to "live cases and controversies," meaning, among other things, that "`if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party,' we must dismiss the case, rather than issue an advisory opinion." ABC, Inc. v. Stewart, 360 F.3d 90, 97 (2d Cir.2004) (quoting Church of Scientology v. United States, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992) (internal quotation marks omitted)); see also Irish Gay and Lesbian Organization v. Giuliani, 143 F.3d 638, 648 (2d Cir.1998) (emphasizing that mootness is a jurisdictional bar to review that the court must recognize regardless of the parties' positions on the question).
 
 
 13
 The relief granted in the district court's memorandum and order was limited in its applicability to the September 14, 2004 primary. In light of the fact that that election has already taken place, a decision by our court affirming or reversing the district court's decision would not have any effect on the rights or obligations of the parties. See Knaust v. City of Kingston, 157 F.3d 86, 88 (2d Cir.1998). In other words, it is now "impossible for the court to grant any effectual relief whatever to a prevailing party" on appeal. In re Kurtzman, 194 F.3d 54, 58 (2d Cir.1999) (per curiam) (internal quotation marks omitted and emphasis in original); see also Bank of New York Co. v. Northeast Bankcorp., Inc., 9 F.3d 1065, 1067 (2d Cir.1993) (holding that the appeal of a preliminary injunction was moot where no action by the appellate court could restore the status quo altered by the injunction). Accordingly, this appeal is moot.
 
 
 14
 It is true, as the Board of Elections urges, that our court, following the lead of the Supreme Court, has recognized an exception to the mootness doctrine for cases that are "capable of repetition, yet evading review." Van Wie v. Pataki, 267 F.3d 109, 113 (2d Cir.2001) (internal quotation marks omitted). "In the absence of a class action, a controversy is capable of repetition, yet evading review where both of the following two requirements are met: (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." Id. at 113-14 (internal quotation marks omitted).
 
 
 15
 Neither requirement for invoking this exception is met in this appeal. The harm addressed by the order on appeal is not "capable of repetition" because the preliminary injunction pertains only to the September 2004 primary election, an event that has passed. Nor do the issues implicated by the district court's order "evade review." The County Party's requests for declaratory relief and for a permanent injunction raise the same underlying legal questions that are being argued in this appeal. These questions remain pending before the district court. There is no reason to believe that the issues raised by the County Party's request for permanent relief cannot be fully litigated before that court. And, in due course, following the entry of final judgment in that court, they can be reviewed on appeal in this court.
 
 
 16
 To apply the "capable of repetition yet evading review" exception to otherwise moot appeals of preliminary injunctions would, moreover, impermissibly evade the ordinary rule, pursuant to 28 U.S.C. § 1291, that appellate courts review only "final decisions" of a lower court. See generally Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 & n. 8, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). Interlocutory appeals of preliminary injunctions are authorized under 28 U.S.C. § 1292(a)(1) in order to prevent the injustice of burdening a party with a manifestly erroneous decree while the ultimate merits of a dispute are being litigated. See CMM Cable Rep., Inc. v. Ocean Coast Properties, Inc., 48 F.3d 618, 620 (1st Cir.1995) ("[T]he impetus behind the statutory exception to the final judgment rule that allows an immediate appeal of an order refusing a preliminary injunction is to prevent irreparable harm to a litigant who, otherwise, might triumph at trial but be left holding an empty bag." (internal quotation marks omitted)).
 
 
 17
 Where the event giving rise to the necessity of preliminary injunctive relief has passed, the "harm-preventing function cannot be effectuated by the successful prosecution of an interlocutory appeal from the denial of interim injunctive relief." Id. at 621. And, since the legal questions underlying the interlocutory appeal remain before the district court in the still-pending action, review by our court would unnecessarily and inappropriately preempt the district court's resolution of the controversy before it. In such circumstances, application of the "capable of repetition yet evading review" exception to mootness would harm the principle of finality without securing any benefit to the administration of justice. Hence, it is wholly inappropriate.
 
 IV. Conclusion
 
 18
 For all these reasons, the instant appeal fails to present a live case or controversy as required for jurisdiction under Article III. The appeal is therefore dismissed as moot.
 
 
 
 Notes:
 
 
 *
 The Honorable John F. Keenan, United States District Judge for the Southern District of New York, sitting by designation
 
 
 [1]
 Plaintiffs-Appellants Steven K. Isler, Frank Morano, and Sarah Lyons are officers of the County Committee and the County Executive Committee of the Independence Party of Richmond County. Plaintiff-Appellant Frank M. MacKay is an officer of the State Committee and the State Executive Committee of the Independence Party of New York. Plaintiffs-Appellants Bernadette Stannard, Susan Lopresti, and Kathleen Ellis are unaffiliated New York State voters who wish to vote in the Richmond County Independence Party primary elections for public office, "including the primary election to be held on September 14, 2004."
 
 
 [2]
 The Independence Party of Kings County officially objected to the Richmond County Party's resolution, and filed that objection with the Board of Elections. The parties agree that, therefore, the Executive Committee Resolution implicates only public offices whose districts are wholly contained within Richmond County