SUMMARY ORDER
James I. Wynn, Jr. appeals from an order by the United States District Court for the Western District of New York (Larimer, J.) denying his motion to correct the trial transcript and for in forma pauperis status on his appeal. Because this Court has already affirmed the district court on the merits of Wynn’s case, his request for in forma pauperis status is moot. Likewise, because Wynn made a request to amend the trial transcript in his appeal on the merits, the record in that appeal contained a copy of both the trial transcript as well as Wynn’s suggested version, and this Court affirmed the district court on the merits, Wynn’s motion to amend the trial transcript is also moot. Accordingly, we dismiss.
We assume the parties’ familiarity as to the facts, the procedural context, and the specification of appellate issues.
Analysis
“A case or controversy becomes moot when ... it becomes impossible for the courts to redress the injury through the exercise of their remedial powers.” Fund for Animals v. Babbitt, 89 F.3d 128, 133 (2d Cir.1996); see also Independence Party of Richmond County v. Graham, 413 F.3d 252, 255 (2d Cir.2005). Wynn seeks in forma pauperis status for a case the outcome of which he has already appealed and lost before this Court. Were we to grant Wynn’s request, he would not be entitled to any redress. Therefore, his appeal on the denial of his in forma pauperis status is moot.
His claim that the district court should have amended the trial transcript is also moot. Wynn made a similar claim in his appeal to this Court when he appealed on the merits. While this Court was silent as to Wynn’s claim when it affirmed the district court, see Wynn v. AC Rochester Gen. Motors Corp., 96 Fed.Appx. 768 (2d Cir.2004), this Court had both the trial transcript and Wynn’s suggested version of the proceedings before it in the record of appeal. The panel affirmed the district court based on its review of both documents, and we have no reason to second guess their judgment, nor is it our place to do so. The relief Wynn seeks — modifying the transcript according to his version of the trial proceedings — would have no effect on the outcome of the litigation. Therefore, his request to amend the transcript is moot.[1]
*28 Accordingly, for the reasons set forth above, the appeal from the judgment of the district court is DISMISSED.

. We note that this case comes to us while defendant-appellee is in bankruptcy, and therefore this litigation is subject to automatic stay pursuant to 11 U.S.C. § 362(a)(1), which can only be removed by the bankruptcy court. See In re Arbitration Between Barbier and Shearson Lehman Hutton Inc., 943 F.2d 249, 250 (2d Cir.1991) (per curiam). However, *28 because we decide this case on the jurisdictional ground of mootness, we are obliged to dismiss the case, notwithstanding § 362(a)(l)’s stay. See Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 648 (2d Cir. 1998) ("The Federal Rules place the duty to enforce barriers such as mootness on the courts....").