**Jeffrey W. BADER, Plaintiff–Appellant,**

v.

**The GOLDMAN SACHS GROUP, INC., Lloyd C. Blankfein, Alan M. Cohen, Gary D. Cohn, Jon Winkelried, John H. Bryan, Claes Dahlback, Stephen Friedman, William W. George, Rajat K. Gupta, James A. Johnson, Lois D.**

**Juliber, Edward M. Liddy, Ruth J. Simmons, John S. Weinberg, Kevin W. Kennedy, David A. Viniar, David A. Palm, Esta E. Stecher and Sara G. Smith, Defendants–Appellees.**

No. 08–0830–cv.

United States Court of Appeals, Second Circuit.

Feb. 23, 2009.

**432**

Alexander Arnold Gershon (Regina M. Calcatera, Gloria Kui, Daniel E. Bacine, of counsel), Barrack, Rodos, & Bacine, New York, NY, for Appellant.

David H. Braff, Gandolfo V. DiBlasi, David M.J. Rein, Steven J. Purcell, Sullivan & Cromwell, New York, NY, for Appellee.

PRESENT: Hon. REENA RAGGI, Hon. PETER W. HALL, Circuit Judges, and Hon. GERARD E. LYNCH, District Judge.*

### SUMMARY ORDER

Plaintiff Jeffrey W. Bader appeals from the denial of his motion to enjoin defendants from issuing defendant Goldman Sachs's 2008 annual proxy statement because of the method used to value compensatory stock options. We assume the parties' familiarity with the facts and procedural history, which we reference only

* The Honorable Gerard E. Lynch, of the United States District Court for the Southern District

as necessary to explain our decision to affirm.

We review a district court's denial of a preliminary injunction for abuse of discretion. *See Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir.2008); *see also* 28 U.S.C. § 1292(a)(1). Section 1292(a)(1) review is, like all exercises of jurisdiction, limited by Article III's live case and controversy requirement. *See Independence Party of Richmond County v. Graham*, 413 F.3d 252, 255 (2d Cir.2005). Where "an event occurs while an appeal is pending that renders it impossible for the court to grant any form of effectual relief to plaintiff, the matter becomes moot and subject matter jurisdiction is lost." *In re Flanagan*, 503 F.3d 171, 178 (2d Cir.2007). That is this case.

Following the district court's denial of Bader's motion for a preliminary injunction, defendants issued their 2008 proxy statement on March 7, 2008, and on April 10, 2008, shareholders elected the unopposed slate of directors. These occurrences render plaintiff's motion for a preliminary injunction moot. *See Bank of N.Y. Co. v. Ne. Bancorp, Inc.*, 9 F.3d 1065, 1067 (2d Cir.1993) ("In general, an appeal from the denial of a preliminary injunction is mooted by the occurrence of the action sought to be enjoined.").

Plaintiff asserts that his claim falls within the limited class of cases exempt from mootness as "capable of repetition, yet evading review." *Independence Party of Richmond County v. Graham*, 413 F.3d at 256. We are not persuaded. As we have explained, "[t]o apply the 'capable of repetition yet evading review' exception to otherwise moot appeals of preliminary injunctions would ... impermissibly evade the ordinary rule, pursuant to 28 U.S.C.

of New York, sitting by designation.

§ 1291, that appellate courts review only 'final decisions' of a lower court." *Id.* at 256. Because the event plaintiff sought to enjoin—the issuance of defendant's 2008 proxy statement—has occurred, and because "the legal questions underlying the interlocutory appeal remain before the district court in the still-pending action, review by our court would unnecessarily and inappropriately preempt the district court's resolution of the controversy before it." *Id.* at 257. As in all cases appealed pursuant to § 1292(a)(1), the district court has retained jurisdiction over plaintiff's underlying claim, which it will consider on the merits in due course. *See New York State Nat'l Org. for Women v. Terry,* 886 F.2d 1339, 1350 (2d Cir.1989) (noting that during appeal from denial of preliminary injunction, "the matter does not leave the district court, but proceeds there on the merits, unless otherwise ordered").

For the foregoing reasons, the appeal from the district court's February 14, 2008 denial of a preliminary injunction is hereby DISMISSED AS MOOT.