INTERNATIONAL INTERNSHIP PROGRAMS, Appellant

v.

Janet NAPOLITANO, et al., Appellees.

No. 11–5197.

United States Court of Appeals, District of Columbia Circuit.

Feb. 21, 2012.

Frederic Willard Schwartz, Esquire, Law Office of Frederic W. Schwartz, Jr., Washington, DC, for Plaintiff–Appellant.

Geoffrey Forney, Senior Litigation Counsel, David J. Kline, Durwood Heinrich Riedel, Jacob Max Weintraub, Tony West, U.S. Department of Justice, Washington, DC, for Defendant–Appellee.

Before: HENDERSON, GRIFFITH and KAVANAUGH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED** that the appeal from the district court's decision be dismissed as moot, that the district court's order filed July 20, 2011 be vacated and that the case be remanded to the district court with instructions to dismiss the motion for a preliminary injunction.

International Internship Programs (IIP) appeals the district court's order denying its motion for preliminary injunctive relief to compel United States Citizenship and Immigration Services (USCIS), a division within the U.S. Department of Homeland Security, to approve a visa request for "eleven cultural exchange program participants so that they may be placed in United States schools for the Winter 2010–Fall 2011 semesters." Motion for Temporary Restraining Order and/or Preliminary Injunctive Relief at 1, *Int'l Internship Programs v. Napolitano*, Case No. 1:10–cv–1234 (D.D.C. Dec. 3, 2010). IIP is a nonprofit organization that for over thirty years has arranged for citizens of several Asian countries to visit the United States as "Cultural Ambassador[s]." Defs.' Mem. in Opposition to Pl.'s Motion for a Preliminary Injunction, Exh. 3 at 3, *Int'l Internship Programs v. Napolitano*, Case No. 1:10–cv–1234 (D.D.C. Dec. 16, 2010). IIP applies for the participants' visas pursuant to the cultural exchange program established by 8 U.S.C. § 1101(a)(15)(Q) (Q–1 visas) and places participants in primary or secondary schools where they serve as resources to students and the broader public about the culture, history and traditions of their respective homelands.

On November 16, 2010, USCIS denied IIP's Q–1 visa petition because the petition did not satisfy the statutory requirement that participants in the cultural exchange program "be employed under the same wages and working conditions as domestic workers." 8 U.S.C. § 1101(a)(15)(Q). USCIS's denial is the subject of IIP's preliminary injunction motion and the district court's denial thereof is the sole issue raised on appeal.

According to its preliminary injunction motion, IIP requested that USCIS approve IIP's petition for eleven Q–1 visas by June 30, 2011. IIP also acknowledged that "[t]he eleven participants whose visa denial for the Winter 2010–Fall 2011 program spawned [its] motion . . . cannot participate [in IIP's program]." Points and Authorities in Support of Motion for Temporary Restraining Order and/or Preliminary Injunctive Relief at 8, *Int'l Internship Programs v. Napolitano*, Case No. 1:10–cv–1234 (D.D.C. Dec. 3, 2010). Fur-

**4**

thermore, the intended period of employment for the eleven Q–1 visas at issue ended on January 24, 2012. Because the time period for which IIP sought relief has passed and the court cannot provide effective relief, "[t]he parties no longer have a legally cognizable interest in the determination of whether the preliminary injunction was properly denied." *Animal Legal Def. Fund v. Shalala,* 53 F.3d 363, 366 (D.C.Cir.1995). Accordingly, IIP's appeal of the denial of its preliminary injunction motion is moot. In dismissing the appeal as moot, we express no opinion on the merits of IIP's claims.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.