# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 22-5266

September Term, 2022

FILED ON: JUNE 16, 2023

BO LI, ET AL.,
                          APPELLANTS

v.

ANTONY J. BLINKEN, SECRETARY, U.S. DEPARTMENT OF STATE,
                          APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:22-cv-02331)

Before: HENDERSON, MILLETT, and CHILDS, *Circuit Judges*.

## J U D G M E N T

This case was considered on the record and on the briefs of the parties. We have accorded the issues full consideration and have determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the appeal be **DISMISSED**.

## I

In this case, 309 Chinese national plaintiffs claim that the State Department and United States Citizenship and Immigration Services within the Department of Homeland Security ("Immigration Services") have unlawfully withheld employment-based EB-5 visa numbers to which they are entitled due to allegedly unjustifiable administrative delays. Those visa applicants filed suit in the United States District Court for the District of Columbia on August 5, 2022, and shortly thereafter moved for a preliminary injunction. They argued that irreparable harm would befall them if visa numbers were not issued before the end of Fiscal Year 2022—that is, by September 30, 2022.

The district court denied the preliminary injunction on the grounds that the applicants were

1

unlikely to succeed on the merits and had not demonstrated irreparable harm. The applicants appealed to this court and, while the appeal was pending, the district court granted them leave to file an amended complaint. That new complaint seeks injunctive relief from that court no later than September 30, 2023.

## II

Because the applicants' appeal from the denial of a preliminary injunction is moot, we dismiss the appeal for lack of jurisdiction.

Federal courts must refrain from deciding a case if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Transwestern Pipeline Co. v. FERC*, 897 F.2d 570, 575 (D.C. Cir. 1990). Because we have a continuing constitutional obligation to assure ourselves of our own jurisdiction, we must dismiss an appeal that was once live if it has become moot before we render a decision. *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018) ("A case that becomes moot at any point during the proceedings is 'no longer a "Case" or "Controversy" for purposes of Article III[.]'") (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).

Parties seeking the exceptional relief of a preliminary injunction must demonstrate, among other things, that they will suffer irreparable harm—which is harm that cannot be remediated if the court waits until the end of litigation. *See Archdiocese of Wash. v. Washington Metro. Area Transit Auth.*, 897 F.3d 314, 321 (D.C. Cir. 2018) (listing the four factors to obtain preliminary relief as "likely success on the merits, likely irreparable harm in the absence of preliminary relief, a balance of the equities in [the moving party's] favor, and accord with the public interest") (quoting *League of Women Voters v. Newby*, 838 F.3d 1, 6 (D.C. Cir. 2016)).

In this case, the applicants told the district court that irreparable harm would occur unless they obtained a preliminary injunction by September 30, 2022. *See* Mot. Prelim. Inj. at 1, *Bo Li v. Blinken*, No. 1:22-cv-2331 (D.D.C. Aug. 24, 2022). The district court, however, found that they would not suffer irreparable harm warranting a preliminary injunction by that date. The court reasoned that neither the applicants' wait time nor their mental stress arising from the government's delay were irreparable harms. Mot. Hearing Tr. at 12–14, *Bo Li*, No. 1:22-cv-2331 (D.D.C. Sept. 29, 2022). The district court also noted the potential risk that some of the applicants' children could age out of eligibility for derivative citizenship status before the visas issued, and that some of the applicants' financial investments in American businesses could be put in jeopardy by the delay. But because the applicants had not identified any children or investments that actually faced such imminent injuries, those concerns did not support a finding of irreparable harm. *Id*. at 13.

Having found no irreparable harm and no likelihood of success on the merits, the district court declined to issue a preliminary injunction.

The applicants have appealed the district court's denial of a preliminary injunction. But to

prevail, they must show that the district court erred in finding that no irreparable harm would occur after September 2022.

The applicants have not and cannot make that showing in this appeal. That is because their own identified deadline for averting irreparable harm—September 30, 2022—has long since come and gone. There is no injunctive relief that could retroactively remedy or stem the harm they asserted would occur after that date. Regardless, even were this court to agree that the district court erred in the first instance, this court cannot turn back time and order the issuance of injunctive relief to prevent assertedly irreparable harms from occurring after September 30, 2022, as they would necessarily have already happened. More specifically, even the applicants agree that this court can no longer order the federal agencies to allocate visa numbers from Fiscal Year 2022— which is the precise preliminary relief they sought in district court and have pursued in this appeal. Bo Li Reply Br. 4.

Of course, sometimes the irreparable harm that plaintiffs fear when seeking preliminary relief continues to occur even after the deadline for requested relief passes, perpetuating or even exacerbating the alleged irreparable harm. Were that shown, we would retain the ability on appeal to offer effective redress.

But this case is different. The applicants have filed a new complaint in district court that argues that injunctive relief now is not needed until September 30, **2023**. Second Am. Compl. at 80, ¶ 381, *Bo Li*, No. 1:22-cv-2331 (D.D.C. Dec. 23, 2022). They do not in that case request injunctive relief today, in the immediate future, or at any date before the end of the current fiscal year. Nor has the district court yet denied relief by the requested 2023 date. As a result, there is no ongoing controversy on appeal over whether the applicants are entitled to a preliminary injunction requiring action by the State Department and Immigration Services by September 30, **2022**. And whether they are entitled to such relief by September 30, 2023, is not before us. *See Animal Legal Def. Fund v. Shalala*, 53 F.3d 363, 365–367 (D.C. Cir. 1995) (appeal from denial of preliminary injunction was moot where petitioners sought to attend meeting that had already taken place at the time appeal was heard); *International Internship Programs v. Napolitano*, 463 F. App'x 2, 4 (D.C. Cir. 2012) (appeal from denial of preliminary injunction in case was moot where visa petitioners had asked for relief by a certain date, but "the time period for which IIP sought relief ha[d] passed and the court [could not] provide effective relief"). That is textbook mootness.

The applicants argue that the case is not moot because Immigration Services and the State Department continue to withhold visa numbers. But that argument goes only to whether the case as a whole, including the ongoing district court proceedings, is moot. We agree that the case is not moot. Our holding here is much narrower, concluding only that the applicants' appeal from the district court's denial of injunctive relief by September 30, 2022, is no longer a live dispute and seeks a remedy that could not be granted. The applicants are free to continue, and indeed have continued, litigating before the district court the question of whether the defendant agencies have unlawfully delayed issuance of EB-5 visa numbers such that final injunctive relief is appropriate in the coming months. *See* Second Am. Compl. at 80, ¶¶ 376–382, *Bo Li*, No. 1:22-cv-2331 (D.D.C. Dec. 23, 2022).

3

Finally, the applicants maintain that, even if this appeal is moot, we should hold that it falls within the "capable of repetition yet evading review" exception to mootness. Under this exception, a case does not become moot if "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam).

That test is not met here. Even assuming that the complained-of conduct is capable of repetition, this case does not evade review. The applicants' second amended complaint, which has been pending in district court for almost six months, and their arguments here seeking relief by September 2023, prove the point. *See* Bo Li Reply Br. 4 (asserting that this court could still grant relief as to Fiscal Year 2023). In addition, as the district court explained, the 2022 preliminary injunction motion was not resolved before it became moot in large part because the applicants filed the complaint "at the 11th hour" of the Fiscal Year, in August 2022. Mot. Hearing Tr. at 14, *Bo Li*, No. 1:22-cv-2331 (D.D.C. Sept. 29, 2022). Their current district court litigation involving the second amended complaint, by contrast, was filed a full year in advance of the deadline for requested relief. Meanwhile, the "legal questions underlying the" prior preliminary injunction dispute "remain before the district court in the still-pending action[.]" *Independence Party of Richmond County v. Graham*, 413 F.3d 252, 257 (2d Cir. 2005). Given that, "review by our court would unnecessarily and inappropriately preempt the district court's resolution of the controversy before it" in the absence of a looming deadline requiring our immediate intervention. *Id*.

\* \* \* \* \*

For the foregoing reasons, this appeal is dismissed for lack of jurisdiction.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk

4