CURTIS INDUSTRIES, INC., a Delaware corporation; and CF Acquisition Corp. II, doing business as Fullwell Products, Appellants,

v.

Paul D. LIVINGSTON; Jerald Larson; and Winzer Corporation, a Texas corporation, Appellees.

No. 93–2457.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1994.

Decided July 22, 1994.

James R. Benham, Minneapolis, MN, argued (Linda J. Coranno, on the brief), for appellant.

Sally A. Scoggin, St. Paul, MN, argued (David C. McDonald, on the brief), for appellees Livingston and Larson.

Rebecca Ann Palmer, Minneapolis, MN, argued (Virginia A. Bell, on the brief), for appellee Winzer Corp.

Before RICHARD S. ARNOLD, Chief Judge, ROSS, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

Curtis Industries appeals the District Court's [1] order denying a preliminary injunction commanding Paul Livingston and Jerald Larson to abide by the non-competition provisions of their Curtis employment agreements. The contracts require employees who leave Curtis Industries to refrain from competing with Curtis for one year. Because a year has passed since Livingston and Larson left Curtis, and the non-competition clause can therefore no longer be enforced against the defendants, we now dismiss the appeal as moot and remand the case to the District Court for further proceedings.

Livingston and Larson began working for Curtis in 1979 and 1984, respectively. They each signed a non-competition agreement and each time they changed positions within the company they signed a new agreement. On January 6, 1993, Livingston left Curtis and joined Winzer Corporation as a franchisee. Two months later, in March, 1993, Larson left Curtis to work as an independent agent for Livingston. Winzer Corporation distributes automotive products and competes directly with Curtis; hence Larson and Livingston are selling essentially the same products to the same customers. In fact, immediately after leaving Curtis, Livingston and Larson began calling the customers they worked with while at Curtis.

The District Court denied Curtis's motion for preliminary injunction. Before we can address the merits of the arguments made on appeal, we must decide whether the question of injunctive relief has become moot. Livingston argues that this appeal is moot because the restraint, even if valid, lasted only a year, and the year passed in January and March of 1994. Curtis disagrees, arguing that it has a right to one year free from competition from Livingston and Larson. In this view, if we were to reverse the District Court's denial of a preliminary injunction, the year would begin on the day that a preliminary injunction was entered on remand. We disagree. Contracts not to compete, being in restraint of trade, should be narrowly construed, and Curtis is entitled to no more than the contract as written would give it—one year free of competition from departing employees, measured from the dates of their leaving Curtis.

Larson, the employee who left later, has been gone from Curtis for 16 months now. This appeal, which brings before us solely the question of the propriety of preliminary injunctive relief, has therefore become moot by the passage of time. This holding does not apply, of course, to a claim by Curtis for damages, if it seeks to pursue such a claim. Damages for the injury done to Curtis during the year following the employees' departure could still be awarded, if the District Court, after further proceedings, decides that the agreement not to compete was valid and that the defendants' breach of the agreement has been the proximate cause of ascertainable damages to Curtis.

This appeal is dismissed as moot, and the cause is remanded to the District Court with instructions to vacate its order denying the preliminary injunction on the merits, and

---

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

enter a new order denying the motion for preliminary injunction as moot. The District Court should then proceed to decide the remainder of the case in due course. If, after final judgment is entered, any party files an appeal, the Clerk of this Court is instructed to refer the appeal to this panel.

It is so ordered.