# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-4074

_____

| | | |
|---|---|---|
| Iowa Protection and Advocacy Services, | * | |
| | * | |
| | * | |
| Plaintiff/Appellee, | * | |
| | * | |
| United States of America, | * | |
| | * | |
| Intervenor on Appeal, | * | |
| | * | |
| v. | * | Appeals from the United States |
| | * | District Court for the |
| Tanager, Inc.; Tanager Place, | * | Northern District of Iowa. |
| | * | |
| Defendants/Appellants. | * | |
| _____ | * | |
| | * | |
| Association of Protection & Advocacy | * | |
| Systems, Inc.; The American | * | |
| Association on Mental Retardation; | * | |
| The Arc of the United States; The | * | |
| Federation of Families for Children's | * | |
| Mental Health; The National Alliance | * | |
| for the Mentally Ill; The National | * | |
| Association of Councils on | * | |
| Developmental Disabilities; The | * | |
| National Mental Health Association, | * | |
| | * | |
| Amici on Behalf of | * | |
| Appellee. | * | |

_____

Submitted:  September 12, 2005
Filed:  October 27, 2005
_____

Before LOKEN, Chief Judge, WOLLMAN, and BYE, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Tanager Place, a private psychiatric facility, appeals from an order entered by the United States District Court for the Northern District of Iowa granting Iowa Protection and Advocacy Services, Inc. (IP&A) a permanent injunction that allows it to enter Tanager Place and to have reasonable access to the residents who live there. IP&A sought the injunction to investigate the disappearance of R.J., a resident of Tanager Place.  IP&A has concluded its investigation and no longer seeks access to Tanager Place's residents.  Because the controversy between the parties is now moot, we vacate the permanent injunction and remand the case to the district court with directions to dismiss the case with prejudice.

**I.**

On June 1, 2004, the director of quality improvement at Tanager Place reported to IP&A that a child entrusted to its psychiatric care facility had run away and may have drowned.  Pursuant to its authority under the Protection and Advocacy for Mentally Ill Individuals Act (PAMII Act), IP&A sought unaccompanied access to Tanager Place's residents to conduct an investigation.  When Tanager Place denied its request, IP&A filed suit.  In its counterclaim, Tanager Place challenged the PAMII Act's constitutionality and sought declaratory relief.  The district court denied Tanager Place's counterclaim for declaratory relief and issued a permanent injunction requiring Tanager Place to "provide IP&A with reasonable access to the residents of Tanager Place."  D. Ct. Order of Sept. 30, 2004, at 43.

Tanager Place appealed from the district court's order, challenging the court's conclusion that R.J.'s disappearance gave IP&A probable cause under the PAMII Act to initiate an investigation. After both parties submitted their appellate briefs, IP&A concluded its investigation. IP&A then moved to vacate the district court's judgment and remand the case for dismissal as moot, stating that it no longer seeks access to Tanager Place's residents for purposes of its investigation.

## II.

To invoke the jurisdiction of this court, the litigants must present an "actual, ongoing" controversy within the meaning of Article III of the Constitution. Deakins v. Monaghan, 484 U.S. 193, 199 (1988); Potter v. Norwest Mortgage, Inc., 329 F.3d 608, 611 (8th Cir. 2003). This controversy must exist throughout appellate review. Deakins, 484 U.S. at 199. In the present case, IP&A has concluded its investigation and no longer seeks access to Tanager Place's residents. Because IP&A no longer seeks relief in federal court, no live controversy exists between the parties, and this appeal is thus moot. Accordingly, we vacate the injunction and remand the case with directions to dismiss with prejudice.

## III.

Appellants argue that this controversy remains justiciable because it falls within an exception to the mootness doctrine. We conclude that it does not.

First, this case differs from one in which the defendant attempts to avoid appellate review by voluntarily ceasing allegedly illegal conduct. In that instance, the defendant is free to reinitiate the challenged conduct once the mooted case is dismissed. Id. at 200 n.4. Here, IP&A would require court action to reinitiate any attempt to enter Tanager Place's facility. Because the case is being dismissed with prejudice, no court would enjoin Tanager Place from denying IP&A access to its residents to investigate R.J.'s disappearance, and thus we conclude that the voluntary cessation exception to the mootness doctrine does not apply.

Second, this case is not capable of repetition, yet evading review. To come within this narrow exception, the following two elements must exist: (1) there must be a reasonable expectation that the same complaining party will be subjected to the same action again, and (2) the challenged action must be of a duration too short to be fully litigated before becoming moot. Nat'l Right to Life Political Action Comm. v. Connor, 323 F.3d 684, 691 (8th Cir. 2003). As to the first element, we acknowledge that these parties may come before us again. As to the second element, however, we see no apparent reason why a similar future action could not be fully litigated before the case becomes moot. In Neighborhood Transportation Network, Inc. v. Pena, we held that a complaint seeking to enjoin a highway construction project no longer presented a live controversy after the project was completed. 42 F.3d 1169, 1173 (8th Cir. 1994). We further held that the case was moot and did not come within the capable of repetition, yet evading review exception: "[This] case was mooted before this appeal could be addressed. It does not follow, however, that similar future cases will evade review. Future projects may be sufficiently time-consuming so as to permit appellate review." Id. Similarly, IP&A's investigation into R.J.'s disappearance ended during the appellate process, mooting the present case. There is no indication, however, that investigations will generally end while a case is being reviewed.

Tanager Place might have avoided mootness if it had taken advantage of its procedural options. "Where prompt application for a stay pending appeal can preserve an issue for appeal, the issue is not one that will evade review." Neighborhood Transp. Network, Inc., 42 F.3d at 1173 (internal quotations and citations omitted). Tanager Place could have moved the district court for a stay of the order pending appeal. Fed. R. Civ. P. 62(d). If the district court had denied the stay, Tanager Place could have applied to this court for a stay of the order. Fed. R. App. P. 8(a)(2). In Minnesota Humane Society v. Clark, we held that the case was not one that would evade review because the plaintiff could have sought, but did not seek, expedited review or an injunction pending appeal. 184 F.3d 795, 797 (8th Cir. 1999). "When

a party has these legal avenues available, but does not utilize them, the action is not one that evades review." Id.

## IV.

Tanager Place argues that we should retain jurisdiction over its counterclaim for declaratory judgment. Tanager Place did not preserve its claim for review, however, and thus we decline to address it.

The judgment is reversed, and the case is remanded to the district court with directions to dismiss the complaint with prejudice.

_____