# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2477
_____

James E. Stevenson, III; Sharyn Stevenson

*Plaintiffs*

Heath Adkisson; Lori Adkisson; Ryan Braswell; Melissa Braswell; Oliver
Coppedge; Tracy Coppedge; George A. Hale, III; Stephanie Hale; Jeff Langston;
Missy Langston

*Plaintiffs - Appellants*

v.

Blytheville School District #5

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

_____

Submitted: April 14, 2014
Filed: August 8, 2014

_____

Before SMITH, COLLOTON, and GRUENDER, Circuit Judges.

_____

SMITH, Circuit Judge.

On April 16, 2013, the Arkansas General Assembly enacted the Public School Choice Act of 2013 ("the Act"). Act 1227, 2013 Ark. Acts 1227 (Apr. 16, 2013), codified at Ark. Code Ann. § 6-18-1901 *et seq.* The Act contains a "broad school choice transfer option." *Teague v. Cooper*, 720 F.3d 973, 976 (8th Cir. 2013). But the Act also contains exemptions. In relevant part, it provides that "'[a] school district annually may declare an exemption under this section if the school district is subject to the desegregation order or mandate of a federal court or agency remedying the effects of past racial segregation.'" Ark. Code Ann. § 6-18-1906(b)(1). The Act requires a school district to "notify the [Arkansas Department of Education] by April 1" if the district intends to declare an exemption "in the next school year." *Id*. § 6-18-1906(b)(3). The "exemptions under the 2013 Act are limited to individual school districts that are subject to federal desegregation mandates." *Teague*, 720 F.3d at 977 n.2.

Heath Adkisson, Lori Adkisson, Ryan Braswell, Melissa Braswell, Oliver Coppedge, Tracy Coppedge, George A. Hale III, Stephanie Hale, Jeff Langston, and Missy Langston (collectively, "appellants") have minor children who reside within the area of the Blytheville School District #5 ("District"). The appellants applied to transfer their children from the District to neighboring school districts, but the District's Board of Directors subsequently adopted a resolution to exempt the District from the 2013 Act under § 6-18-1906(b) on the basis that the District "is subject to a desegregation order or mandate of a federal court of [sic] agency remedying the effects of past racial segregation." The appellants brought suit against the District, alleging that the district violated their constitutional rights when it resolved, for the 2013-2014 school year, to opt-out under § 6-18-1906(b) of the Act. They sued for violations of their due process and equal protection rights under 42 U.S.C. § 1983 and for violations of the Arkansas Civil Rights Act. Relevant to the present appeal, the appellants also sought a preliminary injunction requiring the District to rescind its resolution declaring the exemption for the 2013-2014 school year under the Act. The

-2-

district court[1] denied the preliminary injunction, and the appellants appealed. Following oral argument, we sua sponte requested supplemental briefing on the issue of whether the appeal of the order denying the preliminary injunction is moot. We now hold that the present appeal is moot.

## I. *Background*

In their motion for a preliminary injunction ("motion"), the appellants requested, pursuant to Federal Rule of Civil Procedure 65(a), that the district court enter a preliminary injunction enjoining the District to rescind its resolution to opt out of the Act for the 2013-2014 school year. Because the terms of the preliminary injunction are dispositive of our mootness finding, we set forth the relevant portions of the motion below:

Plaintiffs, in their Motion for Preliminary Injunction, state:

1. The plaintiffs request that this Court enter a preliminary injunction enjoining Blytheville School District No. 5 ("Blytheville School District") to rescind its Resolution to opt out of Act 1227 of 2013, also known as the Arkansas Public School Choice Act of 2013 (the "Act") *for the upcoming school year*. FED. R. CIV. P. 65(a).

2. The plaintiffs request that the Court set this matter for hearing on an *expedited basis* so that public school-choice transfer applications may be considered under the Act *before non-resident districts must notify applicants of acceptances by August 1, 2013*.

\*\*\*

---

[1]The Honorable Kristine G. Baker, United States District Court for the Eastern District of Arkansas.

7. Based on the facts and the law, plaintiffs' likelihood of success on the merits is strong.

a. Blytheville School District is a state actor under 42 U.S.C. § 1983 and ARK. CODE ANN. § 16-123-105(a) because it is a duly created and existing school district under the laws of Arkansas.

b. Blytheville School District violated plaintiffs' equal protection rights under the Fourteenth Amendment to the United States Constitution because *its Resolution* was arbitrary and capricious and an irrational act that denies plaintiffs the right to be treated the same as other similarly situated parents and children in the State of Arkansas.

c. Blytheville School District violated plaintiffs' procedural due process rights under the Fourteenth Amendment to the United States Constitution because *its Resolution* deprives the plaintiffs of a protected property interest without adequate sufficient process.

d. Blytheville School District violated plaintiffs' substantive due process rights under the Fourteenth Amendment to the United States Constitution because *its Resolution* was so completely arbitrary and capricious, and made in bad faith, that it shocks the conscience and frustrates plaintiffs' rights and expectations under the Act.

\*\*\*

11. The following exhibits are attached to this Motion:

\*\*\*

*Exhibit C Board Resolution passed by the Blytheville School District on April 29, 2013*;

\*\*\*

-4-

WHEREFORE, and for all reasons appearing in the record, plaintiffs respectfully request that this Court issue its order:

    a. enjoining Blytheville School District to rescind the Resolution *for the upcoming school year 2013-14* pending determination of the merits of this case.

    b. enjoining Blytheville School District to notify all adjoining school districts of the rescission of the Resolution;

    c. establishing an *expedited briefing period and hearing* on this matter;

    d. granting all other just and proper relief.

(Emphases added.)


## II. *Discussion*

We undoubtedly possess "*statutory* jurisdiction over the instant appeal" because the appellants' "complaint states federal causes of action under . . . 42 U.S.C. § 1983, and the appeal of the district court's [denial of the motion for] preliminary injunction is permitted by 28 U.S.C. § 1292(a)(1)." *Ind. Party of Richmond Cnty. v. Graham*, 413 F.3d 252, 255 (2d Cir. 2005). Section 1291(a)(1) "allows immediate appeals of '[i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions.'" *Id*. (alterations in original) (quoting 28 U.S.C. § 1292(a)(1)).

    Statutory authority, however, is not sufficient to satisfy the jurisdictional requirements of Article III of the Constitution. We are empowered by Article III to render opinions only with respect to "live cases and controversies," meaning, among other things, that "'if an event occurs while a case is pending on appeal that makes it impossible for the

-5-

court to grant any effectual relief whatever to a prevailing party,' we must dismiss the case, rather than issue an advisory opinion." *ABC, Inc. v. Stewart*, 360 F.3d 90, 97 (2d Cir.2004) (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12, 113 S. Ct. 447, 121 L. Ed. 2d 313 (1992) (internal quotation marks omitted)); *see also Irish Gay and Lesbian Organization v. Giuliani*, 143 F.3d 638, 648 (2d Cir.1998) (emphasizing that mootness is a jurisdictional bar to review that the court must recognize regardless of the parties' positions on the question).

*Id*. at 255–56.

"[T]he appeal of a preliminary injunction is moot where the *effective time period* of the injunction *has passed*." *Brooks v. Georgia State Bd. of Elections*, 59 F.3d 1114, 1119 (11th Cir. 1995) (emphases added); *cf. Bacon v. Neer*, 631 F.3d 875, 877 (8th Cir. 2011) ("[T]he appeal of an order denying a preliminary injunction becomes moot if the act sought to be enjoined has occurred."); *Curtis Industries, Inc. v. Livingston*, 30 F.3d 96 (8th Cir. 1994) (holding that the question of whether a former employer was entitled to a preliminary injunction commanding former employees to abide by noncompetition agreements was moot because the restraint on competition, if valid, lasted only one year, and that year had passed by the time of the appeal).

In the present case, the relief requested in the appellants' motion for preliminary injunction "was limited in its applicability to" the April 29, 2013 Resolution and the 2013-2014 school year. *Graham*, 413 F.3d at 256.[2] Paragraph 1

---

[2] *See also Pacific Ins. Co. v. Gen'l Dev. Corp.*, 28 F.3d 1093, 1096 (11th Cir. 1994) (holding that "no meaningful relief remains for us to provide" because "the injunction we are asked to review has expired by its own terms") *Tropicana Prods. Sales, Inc. v. Phillips Brokerage Co.*, 874 F.2d 1581 (11th Cir.1989) ("[T]he express limitation Tropicana's motion set for itself has divested this Court of jurisdiction over the appeal."); *Leedom Management Grp., Inc. v. Perlmutter*, 532 F. App'x 893, 895 (11th Cir. 2013) ("There is no live case or controversy regarding these two orders. By

of the motion asks the district court to enter a preliminary injunction enjoining the Blytheville District "to rescind its Resolution to opt out" of the 2013 Act "for the upcoming school year." In ¶ 11, the plaintiffs make clear that by "Resolution" they mean the "Board Resolution passed by the Blytheville School District on April 29, 2013." The motion pertains only to the April 29, 2013 Resolution; nowhere in their motion do the appellants ask the court to enjoin the District from passing *further* resolutions opting out of the 2013 Act. Moreover, the request for relief clarifies that the appellants are seeking injunctive relief as it pertains to "the upcoming 2013-2014 school year," not *future* school years. The 2013-2014 school year is complete, and we cannot "undo" the school year.

In summary, nowhere in the motion do the appellants request that the district court enjoin the District from passing further resolutions opting out of the Act in future school years, which they could have requested. By the motion's own terms, the time period in which the requested relief would have been effective has expired. *See Graham*, 413 F.3d at 256.

The appellants recognized the time-sensitive nature of the relief that they requested as it pertains to the 2013-2014 school year in ¶ 2 of their motion. Paragraph 2 requested that the district court hold a hearing on the motion "on an expedited basis so that public-school choice transfer applications may be considered under the Act before non-resident districts must notify applicants of acceptance by August 1, 2013." The district court granted this request and held an expedited hearing on the motion prior to the August 1, 2013 deadline. But the appellants never requested an expedited hearing before this court, and the deadline for non-resident districts to notify

its own terms, the preliminary injunction established by the two orders ended on December 21, 2012. Therefore, the controversy over its geographic scope is no longer 'definite' or 'concrete,' and we cannot grant 'specific relief through a decree of a conclusive character.'" (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937))).

applicants for the 2013-2014 school year has long since passed. The challenged school year is complete.

The appellants attempt "to wedge [their] case into the mootness exception for claims 'capable of repetition, yet evading review,' but this case does not fit." *Simes v. Ark. Judicial Discipline & Disability Comm'n*, 734 F.3d 830, 835 (8th Cir. 2013) (quoting *Sosna v. Iowa*, 419 U.S. 393, 399–400 (1975)).

> "[A] controversy is capable of repetition, yet evading review where both of the following two requirements are met: (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again."

*Graham*, 413 F.3d at 256 (second, third, and fourth alterations in original) (quoting *Van Wie v. Pataki*, 267 F.3d 109, 113–14 (2d Cir. 2001)).

Neither requirement for invoking this exception to the mootness doctrine is satisfied in the present case. The controversy is not "capable of repetition" because the requested preliminary injunction pertains only to the appellants' request for an injunction permitting the appellants' children to exercise their school choice rights under the 2013 Act for the 2013-2014 school year, not future school years. And, there is no reasonable expectation that the appellants will be subject to the same action again with regard to the 2013-2014 school year, as that school year is complete. As the District points out, the issues implicated by the district court's denial of the motion for preliminary injunction do not "evade review" "because [a]ppellants' request for declaratory relief and for a permanent injunction raise the same underlying legal questions that remain pending before the district court." This means that "[t]he issues raised by [a]ppellants' request for permanent relief can be fully litigated before the district court and, following the entry of final judgment in that court, can be reviewed on appeal in this Court."

Finally, the appellants try to evade a mootness finding by arguing that "the request for preliminary injunctive relief is not limited to a past event but includes 'all other just and proper relief.'" This argument fails because the clear terms of the motion—which the appellants crafted—state that the motion pertains to the April 29, 2013 Resolution and the 2013-2014 school year.

### III. *Conclusion*

Accordingly, we dismiss the appeal as moot.

COLLOTON, Circuit Judge, concurring in the judgment.

Although the question is close, I concur in the judgment on the ground that while this controversy is "capable of repetition" in relation to the 2014-15 school year, the controversy need not "evade review" if the plaintiffs seek prompt rulings in the district court and expedited appellate review on claims for preliminary injunctive or permanent injunctive and declaratory relief. *See Iowa Prot. and Advocacy Servs. v. Tanager, Inc.*, 427 F.3d 541, 544 (8th Cir. 2005); *Minn. Humane Soc'y v. Clark*, 184 F.3d 795, 797 (8th Cir. 1999).

_____