FILED
United States Court of Appeals
Tenth Circuit

May 5, 2015

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TERESA FLEMING, DAVID
DOYLE, and PAULA PAPPONI,

        Plaintiffs - Appellees,

v.

EDDIE GUTIERREZ, in his individual
capacity, and EILEEN GARBANGI, in
her official capacity,

        Defendants - Appellants.

    and

SALLY PADILLA, in her individual
capacity, DIANNA DURAN, in her
official capacity, and SANDOVAL
COUNTY BOARD OF
COMMISSIONERS,

        Defendants.

No. 14-2182

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. NO. 1:13-CV-00222-WJ-SCY)**

---

Submitted on the Briefs:

Thomas C. Bird and Benjamin F. Feuchter, Keleher & McLeod, P.A.,
Albuquerque, New Mexico, and Katherine A. Basham and Mark A. Basham,
Basham & Basham, P.C., Santa Fe, New Mexico, on the briefs for Appellants.

Paul J. Kennedy and Justine Fox-Young, Paul Kennedy & Associates, P.C., Albuquerque, New Mexico, and Patrick J. Rogers, Patrick J. Rogers, L.L.C., Albuquerque, New Mexico, on the brief for Appellees.

Before **TYMKOVICH**, **GORSUCH**, and **HOLMES**, Circuit Judges.

**TYMKOVICH**, Circuit Judge.

The 2012 elections in Sandoval County, New Mexico, were marked by long lines and crowded polling places. Several voters filed a challenge to the County's administration of the election, and the district court concluded that the County's election procedures were so dysfunctional that an immediate remedy was necessary to avoid voter disenfranchisement in the approaching 2014 election. To remedy the anticipated election day problems, the court entered a preliminary injunction that required the County to adhere to new regulations increasing the number of voting centers and voting machines.

County election officials sought interlocutory appellate review of the preliminary injunction prior to the election, but we declined to intervene at that time. The election went off without a hitch, and we must now reach the County's challenge to the injunction. In addition, we must also consider a motion to dismiss the appeal as moot presented by the voters who brought the suit. Concluding the issues raised by the grant of the preliminary injunction have been

mooted by the passage of the 2014 election, we grant the motion and dismiss the appeal for lack of jurisdiction.

# I.  Background[1]

The administration of the 2012 general election in Rio Rancho—the largest city in Sandoval County, a suburb of Albuquerque—was, in the district court's words, "a complete disaster."  *Fleming v. Gutierrez*, No. 13-CV-222, at *5 (D.N.M. Sept. 12, 2014).  The misallocation of election-day resources resulted in long lines, wait times exceeding five hours in some places, and inevitably, would-be voters leaving without voting.  Following the election, the Sandoval County Board of Commissioners (Board) passed two resolutions generally condemning the handling of the 2012 election and designating additional voting centers and voting machines for the 2014 election.

Also following the election, several County voters (Voters) filed suit in federal district court under 42 U.S.C. § 1983 alleging equal protection and due process violations as well as a violation of the New Mexico Constitution's free-and-open-elections clause.  The complaint sought preliminary and permanent injunctive relief relating to "all future elections," a declaration that the County's practices were unconstitutional, and attorney's fees.  Supp. App. 122–23 (Second

---

[1]  The facts underlying this suit have been recounted in detail by the district court.  *See, e.g.*, *Fleming v. Gutierrez*, No. 13-CV-222, at *3–14 (D.N.M. Sept. 12, 2014) (order granting preliminary injunction).

Am. Compl. at 17–18). In September 2014, two months before the election, the district court entered a preliminary injunction that essentially made any discretionary aspects of the Board's resolutions nondiscretionary. The injunction order explicitly stated that it was to "apply to the parties through the November 2014 elections, at which point the Court will inquire whether further matters in this case preclude its dismissal and closure." App. 50.

The County[2] filed an interlocutory appeal seeking vacation of the injunction on the grounds that the Voters lacked standing and were not likely to succeed on the merits because they had failed to allege purposeful discrimination. The County also filed a motion for expedited review, based in part on a concern that the appeal would be rendered moot by the passage of the election. *See* Aplt.'s Mot. for Suspension of Appellate Rules and Expedited Review, filed Oct. 10, 2014, at 2 ("Unless this Court addresses Appellants' challenges to the injunction before November 4, 2014, Appellants' appeal will be moot.").

We denied the motion for expedited review, *Fleming v. Gutierrez*, No. 14-2181 (10th Cir. Oct. 16, 2014), and the election took place in November under the force of the injunction. The Voters now ask that we dismiss the appeal of the preliminary injunction as moot. Despite its initial assertion to the contrary in papers filed prior to the election, the County argues that the election did not in

---

[2] We refer to defendants-appellants, Eddie Gutierrez and Eileen Garbagni—the Director of the Bureau of Elections of Sandoval County and the County Clerk, respectively—as the "County" for ease of reference.

-4-

fact moot its appeal because (1) it falls within the exception to mootness doctrine for disputes capable of repetition, yet evading review, and (2) the propriety of the injunction remains relevant to whether the Voters will be considered a "prevailing party" for purposes of a prospective application for attorney's fees.

As we explain further below, we agree with the Voters that the challenge to the *preliminary* injunction is moot. Any claims that are still alive can be litigated in the district court as part of the continuing proceedings over the need for a permanent injunction.

## II. Discussion

We have statutory jurisdiction to review a district court's interlocutory order granting a preliminary injunction. *See* 28 U.S.C. § 1292(a)(1). But even so, we might lose our jurisdiction if an interlocutory appeal no longer presents a live case or controversy. In those circumstances, an appeal is moot, and we are without subject matter jurisdiction to reach the merits of the appeal. *See Chihuahuan Grasslands Alliance v. Kempthorne*, 545 F.3d 884, 891 (10th Cir. 2008) ("Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction.").

In considering mootness, we ask "whether granting a *present* determination of the issues offered will have some effect in the real world." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1110 (10th Cir. 2010). Thus, "if an event occurs while a case is pending on appeal that makes it impossible for

the court to grant any effectual relief whatever to a prevailing party, we must dismiss the case, rather than issue an advisory opinion." *Stevenson v. Blytheville Sch. Dist. No. 5*, 762 F.3d 765, 768 (8th Cir. 2014) (internal quotation marks omitted); *see also Citizen Ctr. v. Gessler*, 770 F.3d 900, 907 (10th Cir. 2014). In the case of an interlocutory appeal taken from the grant of a preliminary injunction, the appeal is moot "where the effective time period of the injunction has passed," *Stevenson*, 762 F.3d at 768 (emphasis omitted), or where the "act sought to be enjoined has occurred." *Thournir v. Buchanan*, 710 F.2d 1461, 1463 (10th Cir. 1983).

In this case, a decision affirming or reversing the district court's grant of the preliminary injunction would not have any present-day, real-world effect on the parties because both the election and the effective time period of the injunction have passed. The injunction applied "through the November 2014 elections," App. 50, and the specific relief sought by the County from this court was the vacation of the injunction prior to the election. *See* Aplt. Br. at 1, 3, 8. We cannot turn back the clock and create a world in which the County does not have to administer the 2014 election under the strictures of the injunction.[3]

---

[3] *See Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011) ("Events may supersede the occasion for relief, particularly when the requested relief is limited."); *Independence Party v. Graham*, 413 F.3d 252, 256–57 (2d Cir. 2005) ("Where the event giving rise to the necessity of preliminary injunctive relief has passed, the harm-preventing function [of interlocutory appeals] cannot be effectuated by the successful prosecution of an interlocutory appeal from the

(continued...)

-6-

Accordingly, because the election has passed and we cannot grant any effective relief, the appeal is moot. *See Thournir*, 710 F.2d at 1462 ("[I]t appears quite clear to us that any appeal of the injunction order is moot, for the simple reason that the 1982 election has come and gone."); *see also Stone v. Bd. of Election Comm'rs*, 643 F.3d 543, 544–45 (7th Cir. 2011) ("Because the election has taken place, Plaintiffs' [interlocutory] appeal is now moot."); *Independence Party v. Graham*, 413 F.3d 252, 256 (2d Cir. 2005); *Freedom Party of N.Y. v. N.Y. Bd. of Elections*, 77 F.3d 660, 662 (2d Cir. 1996) ("After the special election was held, the controversy became moot."); *Serv. Emps. Int'l Union Local 1 v. Husted*, 531 F. App'x 755, 755 (6th Cir. 2013) ("Because this appeal concerns a preliminary injunction affecting those [completed] elections, and because that injunction has now expired by its own terms, we dismiss the appeal as moot.").

Nor does the exception to mootness for conduct capable of repetition yet evading review save this interlocutory appeal. Under this exception, which courts reserve for "exceptional situations," issues under review are not moot if they (1) "evade review" because "the duration of the challenged action is too short to

---

[3](...continued)
denial of interim injunctive relief." (internal quotation marks omitted)); *Gjertsen v. Bd. of Election Comm'rs*, 751 F.2d 199, 201 (7th Cir. 1984) ("If we now order the [preliminary] injunction vacated, as the defendants ask us to do, it will be too late to take the plaintiffs' names off the ballot and run the primary without them, as the primary is over and done with, and the defendants do not ask that it be ordered rerun."); *Thournir*, 710 F.2d at 1463 n.2 (noting the harm-preventing function of interlocutory appeals).

be fully litigated prior to its cessation or expiration," and (2) are "capable of repetition," such that "there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Chihuahuan Grasslands*, 545 F.3d at 892 (internal quotations and alterations omitted).

Whether the exception applies can depend on the posture of the case on appeal. *See Thournir*, 710 F.2d at 1463–64. For instance, an interlocutory appeal may very well be moot even while the case as a whole remains live because it is capable of repetition. *See, e.g.*, *Gjertsen*, 751 F.2d at 201; *see also* 13C Charles Alan Wright et al., Federal Practice and Procedure § 3553.3.1 (3d ed. 2008) ("[I]t may be clear that a particular request for relief has become moot, even though other forms of relief may remain available. Once the opportunity for a preliminary injunction has passed, for example, the preliminary injunction issue may be moot even though the case remains alive on the merits."). In this case, for example, asking whether the exception applies to an interlocutory appeal challenging the propriety of the preliminary injunction specifically aimed at the allocation of election-day resources in the completed 2014 election is distinct from the question of whether this suit as a whole is capable of repetition, yet evading review. The latter is an issue we may well confront in due course if one of the parties appeals from a final judgment entered by the district court.[4]

---

[4] *See Independence Party*, 413 F.3d at 256 ("To apply the 'capable of repetition yet evading review' exception to otherwise moot appeals of preliminary
(continued...)

This case reflects one such example of partial mootness. The particular harm of administering the 2014 election under a temporary federal court order will not again be repeated because the 2014 election has passed. Nor will the County's arguments evade review. The Voters' complaint, which sought permanent injunctive relief regarding "all future elections" and declaratory relief, remains pending in the district court.[5] No final judgment has yet been entered on the remaining claims for relief.

---

[4](...continued)
injunctions would . . . impermissibly evade the ordinary rule, pursuant to 28 U.S.C. § 1291, that appellate courts review only 'final decisions' of a lower court."); *Gjertsen v. Bd. of Election Comm'rs*, 791 F.2d 472, 475 (7th Cir. 1986) ("This court held that the issues raised in that appeal [from the preliminary injunction] were moot because the Board had already held the election. However, we also noted that, since there was a strong probability that these candidates would find themselves frustrated by the same signature requirement in the next election, the underlying action in the district court was not moot."); *Pearlman v. Vigil-Giron*, 71 F. App'x 11, 14 (10th Cir. 2003) (distinguishing the application of the mootness exception in a case involving an appeal from a final judgment from a case involving an interlocutory appeal from a decision on a preliminary injunction).

[5] At the close of the district court's hearing on the motion for a preliminary injunction, Voters' counsel stated that if the court granted the preliminary injunction for the 2014 election, the case would be over. Supp. App. 565–66 ("[W]e're not asking for more nor looking for more than that. . . . [I]f it goes smoothly, there would be no reason for anybody to be back here after the '14 election."). Similarly, in reply to the County's opposition to the Voters' motion to dissolve the injunction, the Voters stated that they "have in fact received full relief." *Id.* at 238. Despite these assertions, it remains for the district court to determine on remand whether any claims for relief—particularly the request for a permanent injunction relating to "all future elections"—remain pending. *See Chihuahuan Grasslands*, 545 F.3d at 893 ("For the purpose of determining the issue of mootness, we will rely on the claims and requests for relief presented in the Complaint . . . .").

Notably, the County raised the same legal arguments in their motions for summary judgment and for reconsideration of the district court's denial of summary judgment as they did in opposition to the preliminary injunction.[6] Those issues—whether the Voters have standing and whether they failed to allege purposeful discrimination—will not evade review because the request for a permanent injunction remains pending and can be reviewed on appeal to this court from a final judgment. *See Rio Grande Silvery Minnow v. Keys*, 355 F.3d 1215, 1222 (10th Cir. 2004) ("If the district court enters a final order with which the parties disagree, they may appeal once again."); *see also Bogaert v. Land*, 543 F.3d 862, 864 (6th Cir. 2008) ("Dismissal of these preliminary-injunction appeals, of course, does not render moot the underlying district court litigation. . . . Should the district court enter further orders or a judgment in the action pending before it, an adversely affected party or parties may seek further review in this court as permitted by the normal appellate process."); 13C Charles Alan Wright et al., Federal Practice and Procedure § 3533.8.2 (3d ed. 2008) (noting the "simplest" example of disputes that do not evade review are those where "the plaintiff may be able to continue the present litigation as to claims indistinguishable from the claims that have been mooted").

---

[6] In fact, the County asks us to review both the preliminary injunction order *and* the district court's denial of their motion to reconsider on the standing issue at this interlocutory stage because the issues are "inextricably intertwined." *See* Supp. App. 230 (Notice of Appeal); Aplt. Br. at 17–18.

A review of the case law from other circuits lends support to our view that this appeal is moot. For example, in *Independence Party of Richmond County v. Graham*, the Second Circuit held the passage of an election mooted an interlocutory appeal from the district court's grant of a preliminary injunction. In that case, the Independence Party sued various county officials under § 1983 seeking injunctive and declaratory relief after the county refused to follow a party resolution that invited unaffiliated voters to participate in the party's primary elections. Prior to the 2004 primary, the district court entered a preliminary injunction ordering the county "to take all necessary steps to ensure that unaffiliated registered voters may participate in the Independence Party primary election . . . scheduled for September 14, 2004." *Independence Party*, 413 F.3d at 255. The county defendants appealed, and while the appeal was pending, the election took place.

The Second Circuit found there was "no question that [the court] ha[d] *statutory* jurisdiction" pursuant to § 1292, but concluded that no live case or controversy remained. *Id.* With respect to the county defendants' argument that the issues were capable of repetition yet evading review, the court reasoned:

> The harm addressed by the order on appeal is not "capable of repetition" because the preliminary injunction pertains only to the September 2004 primary election, an event that has passed. Nor do the issues implicated by the district court's order "evade review." The County Party's requests for declaratory relief and a permanent injunction raise the same underlying legal questions that are being argued in

> this appeal. These questions remain pending before the district court. There is no reason to believe that the issues raised by the County Party's request for permanent relief cannot be fully litigated before that court. And, in due course, following the entry of final judgment in that court, they can be reviewed on appeal in this court.

*Id.* at 256; *see also Stone v. Bd. of Election Comm'rs*, 643 F.3d 543, 545 (7th Cir. 2011); *Gjertsen v. Bd. of Election Comm'rs*, 751 F.2d 199, 201 (7th Cir. 1984). The same is true of the appeal before us.

The County also argues that the appeal is not moot because a ruling on the merits of the injunction will have a real-world impact on the parties in that it will affect whether the Voters can recoup attorney's fees. We disagree. The possibility that the preliminary injunction will form the basis for a grant of attorney's fees does not transform this appeal into a live controversy. As a general rule, we have said that "a claim of entitlement to attorney's fees does not preserve a moot *cause of action*" although "the expiration of the underlying cause of action does not [necessarily] moot a controversy over attorney's fees already incurred." *Dahlem v. Bd. of Educ. of Denver Pub. Schs.*, 901 F.2d 1508, 1511 (10th Cir. 1990) (emphasis added) (citations omitted); *see also Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990) ("This interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." (citation omitted)). An entitlement to file a fee petition only means that "a plaintiff may still recover (and a defendant may

-12-

still contest) fees even when the merits have been rendered moot" and not that "an otherwise moot issue is revived whenever a prevailing party requests or might request fees." *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1183 (10th Cir. 2000). And where no fee request has yet been filed, we lack a "final decision from the district court as to whether Plaintiffs are entitled to fees," so "the question is not before this court." *Id.*

The County has a point that the Voters might be considered a "prevailing party" for purposes of 42 U.S.C. § 1988 having won a preliminary injunction. *See Kan. Judicial Watch v. Stout*, 653 F.3d 1230, 1238 (10th Cir. 2011). But if the County is able to successfully challenge a final judgment entered by the district court and establish that there was no jurisdiction from the outset due to a lack of standing, attorney's fees for a preliminary injunction granted by the district court when it was without jurisdiction would not be appropriate. *See Lynch v. Leis*, 382 F.3d 642, 646 (6th Cir. 2004) ("If [the party] never had standing to bring the case, he is not a proper prevailing party."); *Ward v. San Diego Cnty.*, 791 F.2d 1329, 1334 (9th Cir. 1986) ("Ward's lack of standing in her original challenge rendered illusory the practical outcome she temporarily received (the preliminary injunction). An erroneously granted injunction cannot be the basis for an award of attorneys fees as the prevailing party."); *O'Neill v. Coughlan*, 490 F. App'x 733, 737–38 (6th Cir. 2012) (distinguishing situations where a party is considered prevailing based on relief granted by a court properly

-13-

exercising power and situations where "the district court should have dismissed [the] case long ago"). Recognizing these various possibilities, however, is not enough to confer jurisdiction on us to reach the merits of this otherwise moot order.[7]

As a final matter, we must decide what, if anything, to do with the district court's injunction order. The Voters ask that we dismiss the appeal as moot and refrain from vacating the district court's order. The County makes no argument as to what we should do in the event we find its appeal moot. "In the case of interlocutory appeals . . . the usual practice is just to dismiss the appeal as moot and not vacate the order appealed from." *In re Tax Refund Litig.*, 915 F.2d 58, 59 (2d Cir. 1990) (quoting *Gjertsen*, 751 F.2d at 202); *see also Rio Grande Silvery Minnow*, 355 F.3d at 1222; *Serv. Emps. Int'l*, 531 F. App'x at 755–56 (collecting cases); 13C Charles Alan Wright et al., Federal Practice and Procedure § 3533.10.3 (3d ed. 2008) ("[I]f the case remains alive in the district court, it is sufficient to dismiss the appeal without directing that the injunction order be vacated."). We see no reason to deviate from the usual practice here.

---

[7] Even if the County were correct that the case is not constitutionally moot, we would nonetheless exercise our remedial discretion and find the appeal prudentially moot. *See Citizen Ctr.*, 770 F.3d at 909 ("A case is prudentially moot if circumstances have changed since the beginning of litigation that forestall any occasion for meaningful relief." (internal quotations and alterations omitted)); *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1210 (10th Cir. 2012) ("[I]f events so overtake a lawsuit that the anticipated benefits of a remedial decree no longer justify the trouble of deciding the case on the merits, equity may demand not decision but dismissal.").

## III.  Conclusion

For the foregoing reasons, we GRANT the motion to dismiss the appeal as moot and DISMISS the appeal for lack of jurisdiction.