# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3468

_____

Teresa Bierman; Kathy Borgerding; Linda Brickley; Carmen Gretton; Beverly Ofstie; Scott Price; Tammy Tankersley; Kim Woehl; Karen Yust

*Plaintiffs - Appellants*

v.

Governor Mark Dayton, in His Official Capacity as Governor of the State of Minnesota; Josh Tilsen, in His Official Capacity as Commissioner of the Bureau of Mediation Services; Emily Johnson Piper, in Her Official Capacity as Commissioner of the Minnesota Department of Human Services; SEIU Healthcare Minnesota

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 21, 2015
Filed: March 22, 2016

_____

Before RILEY, Chief Judge, SMITH and SHEPHERD, Circuit Judges.

_____

RILEY, Chief Judge.

Nine individual providers of direct support services (collectively, homecare providers) challenge the constitutionality of a Minnesota statute designating them state employees for the purpose of unionization. See Minn. Stat. § 179A.54. The homecare providers timely filed this interlocutory appeal from the district court's[1] denial of their renewed motion preliminarily to enjoin the state from holding an election and certifying an exclusive representative. See 28 U.S.C. § 1292(a)(1). We dismiss this present appeal as moot.

## I.    BACKGROUND

On May 24, 2013, Minnesota Governor Mark Dayton signed the Individual Providers of Direct Support Services Representation Act (Act). See Minn. Stat. § 179A.54. The Act designates individual providers of direct support services (individual providers) as state employees solely for the purpose of the Public Employment Labor Relations Act (PELRA), Minn. Stat. § 179A. Id., subdiv. 2.

PELRA authorizes Minnesota public employees to form and join a union and to elect an exclusive representative for the purpose of collective bargaining with the state government. See §§ 179A.03, subdiv. 6, 179A.12. Under the Act, a union that wishes to become the exclusive representative of individual providers may petition the commissioner of the Bureau of Mediation Services (BMS) to conduct a mail ballot election pursuant to the process directed by PELRA. See §§ 179A.54, subdiv. 10, 179A.12, subdiv. 3. If a union receives the majority of the votes cast, the BMS commissioner certifies it as the exclusive representative. See § 179A.12, subdiv. 10.

---

[1]The Honorable Michael J. Davis, then Chief Judge, United States District Court for the District of Minnesota.

On July 8, 2014, Services Employees International Union Healthcare Minnesota (SEIU) petitioned the BMS commissioner to initiate an election under the Act. The BMS mailed ballots to individual providers on August 1, 2014, with instructions to return the ballot by August 25, 2014.

On July 28, 2014, the homecare providers brought this action under 42 U.S.C. § 1983 against Governor Dayton, BMS Commissioner Josh Tilsen, the Minnesota Department of Human Services (DHS) Commissioner,[2] (collectively, state) and SEIU, challenging the constitutionality of the Act. In Count I, the homecare providers claimed the election of an exclusive representative under the Act violates their First Amendment right to freedom of association because it compels them to associate with a union. In Count II, the homecare providers alleged submitting their right to freedom of association to a "majority vote" violated the First Amendment. Two days after the homecare providers filed suit, they moved for an expedited preliminary injunction. In their motion, the homecare providers asked the district court to "enjoin[] the Defendants from implementing or enforcing the [Act]. . . . In particular, Plaintiffs move the Court to enjoin the Defendants from conducting an election to certify, and from certifying [SEIU] as the exclusive representative of Plaintiffs and other individual providers."

Reviewing the motion, the district court decided the homecare providers' claim on Count I was not ripe for review because the homecare providers suffered "no hardship" while the "outcome of the election [was] uncertain." The district court explained, "If SEIU does not receive a majority of the votes cast, then Count I will be moot. If SEIU does receive a majority of the votes cast, then Plaintiffs may renew their motion as to Count I." The district court concluded Count II was "not likely to succeed on the merits."

---

[2]DHS Commissioner Emily Johnson Piper has been substituted for former DHS Commissioner Lucinda Jesson. See Fed. R. App. P. 43(c)(2).

Out of nearly 27,000 eligible individual providers, the BMS received 5,849 valid ballots—3,543 of which were votes for SEIU. On August 26, 2014, the BMS commissioner certified SEIU as the exclusive representative of individual providers. On August 27, 2014, the homecare providers renewed their motion for an expedited preliminary injunction as to Count I, as the district court suggested. The district court nonetheless denied the motion, deciding the homecare providers were unlikely to succeed on the merits because the Act does not infringe the homecare providers' First Amendment rights. The homecare providers appeal the district court's denial of their renewed motion for a preliminary injunction.

## II.    DISCUSSION

Although the denial of a preliminary injunction is immediately appealable, see 28 U.S.C. § 1292(a)(1), "the appeal of an order denying a preliminary injunction becomes moot if the act sought to be enjoined has occurred." Bacon v. Neer, 631 F.3d 875, 877 (8th Cir. 2011); see Minn. Humane Soc'y v. Clark, 184 F.3d 795, 797 (8th Cir. 1999) (explaining that without a "live case or controversy," a case becomes moot and we no longer have jurisdiction over the matter). "As mootness relates to justiciability and our power to hear a case, 'we must consider it even [if] the parties have not raised it.'" Bacon, 631 F.3d at 877-78 (quoting Olin Water Servs. v. Midland Research Labs., Inc., 774 F.2d 303, 306 n.3 (8th Cir. 1985)).

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981); cf. CMM Cable Rep., Inc. v. Ocean Coast Props., Inc., 48 F.3d 618, 620 (1st Cir. 1995) ("[T]he impetus behind the statutory exception to the 'final judgment' rule that allows an immediate appeal of an order refusing a preliminary injunction is to prevent irreparable harm to a litigant who, otherwise, might triumph at trial but be left holding an empty bag.").

At this point, reversal of the denial of preliminary injunctive relief would not adequately address the harm the homecare providers sought to prevent when moving for a preliminary injunction. The event the homecare providers attempted to stop—the election and subsequent certification of SEIU as the exclusive representative—has already occurred. Therefore, we must dismiss this appeal as moot. See Indep. Party of Richmond Cty. v. Graham, 413 F.3d 252, 256-57 (2d Cir. 2005) ("Where the event giving rise to the necessity of preliminary injunctive relief has passed, the 'harm-preventing function cannot be effectuated by the successful prosecution of an interlocutory appeal from the denial of interim injunctive relief.'" (quoting CMM Cable Rep., Inc., 48 F.3d at 621)); Operation King's Dream v. Connerly, 501 F.3d 584, 591 (6th Cir. 2007) (deciding injunctive relief seeking to prevent a proposal from reaching the ballot was moot because the election had since taken place, the proposal was approved, and the Michigan constitution had been amended); cf. Pope v. County of Albany, 687 F.3d 565, 570 (2d Cir. 2012) ("Courts may understandably hesitate to void elections that have already been conducted as a form of *preliminary* equitable relief, preferring to take such action only upon a final determination that plaintiffs are entitled to *permanent* relief.").[3]

During oral argument, the homecare providers proposed, as a matter of law, their initial request for relief encompasses the decertification of SEIU. In Stevenson v. Blytheville School District No. 5, we rejected a similar argument in which the plaintiffs attempted to evade the mootness doctrine by arguing their "request for

---

[3]We also note, between the time the homecare providers filed notice of this interlocutory appeal and oral argument, the state and SEIU reached a collective bargaining agreement, which was approved by the Minnesota legislature and went into effect on July 1, 2015. In their reply brief, the homecare providers emphasized "[t]heir claim is not based on the favorability or unfavorability of the terms of any potential contract negotiated by the SEIU." Rather, the homecare providers allege the certification of the exclusive provider, "in and of itself," violates their First Amendment rights.

preliminary injunctive relief [was] not limited to a past event but includes 'all other just and proper relief.'" Stevenson v. Blytheville Sch. Dist. No. 5, 762 F.3d 765, 770 (8th Cir. 2014). Observing the plaintiffs' motion pertained only to a particular resolution applying in one school year, we rejected plaintiffs' argument on the "clear terms of the motion." Id. In the present case, the homecare providers' motion for a preliminary injunction applied, on its face, to the then-ongoing mail ballot election. The homecare providers explicitly requested in their motion that the district court "enjoin the Defendants from conducting an election to certify, and from certifying [SEIU] as the exclusive representative of Plaintiffs and other individual providers," both of which the state has since done.

Considering the district court's treatment of the homecare providers' motions, deciding the preliminary injunction was not ripe until *after* the election and certification happened, but cf., Parrish v. Dayton, 761 F.3d 873, 876 (8th Cir. 2014) (dissolving an injunction pending appeal for lack of ripeness when no union had petitioned to become an exclusive representative and "[t]he election of an exclusive representative [was] not certainly impending"), at which point we now decide it is moot, we recognize the temptation to apply the mootness doctrine exception for issues that are "'capable of repetition, yet evading review.'" Minn. Humane Soc'y, 184 F.3d at 797 (quoting Weinstein v. Bradford, 423 U.S. 147, 149 (1975)). This exception applies "only in exceptional situations," City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983), where "(1) the challenged action is of too short a duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Minn. Humane Soc'y, 184 F.3d at 797.

The applicability of this exception "can depend on the posture of the case on appeal." Fleming v. Gutierrez, 785 F.3d 442, 446 (10th Cir. 2015). See generally Indep. Party of Richmond Cty., 413 F.3d at 256 ("To apply the 'capable of repetition yet evading review' exception to otherwise moot appeals of preliminary injunctions

would, moreover, impermissibly evade the ordinary rule, pursuant to 28 U.S.C. § 1291, that appellate courts review only 'final decisions' of a lower court.").

Here, the resulting harm from the certification of SEIU as the exclusive representative is not capable of repetition because SEIU has already been certified, and the underlying legal issues do not evade review because the homecare providers' challenge to the Act is still pending before the district court. See Fleming, 785 F.3d at 446 (distinguishing the application of this exception to an interlocutory appeal relating to a since-completed election from "the question of whether th[e] suit as a whole is capable of repetition, yet evading review"); Stevenson, 762 F.3d at 770 (explaining the underlying legal issues implicated in the motion for a preliminary injunction will not "evade review" because appellants' requests for permanent relief "remain pending before the district court" (internal citation omitted)); Doe No. 1 v. Reed, 697 F.3d 1235, 1240 (9th Cir. 2012) (providing examples of cases involving inherently limited durations, including challenges relating to pregnancy, prior restraint on free speech, and cases "that only present live controversies in brief periods before an election"). Upon careful consideration, this exception does not apply to the homecare providers' appeal. The appeal is moot and should be dismissed. See Stevenson, 762 F.3d at 770; Fleming, 785 F.3d at 449.

## III.    CONCLUSION
We dismiss this appeal for lack of jurisdiction.

_____