# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-1118

_____

Joseph R. Flying Horse

*Plaintiff - Appellant*

v.

James Hansen, Parole Agent, Sued in his Official and Individual Capacities; Doug Clark, Supervising Parole Agent, Sued in his Official and Individual Capacities; Krista Bast, Case Manager, Sued in her Official and Individual Capacities; Seth Hughes, Unit Coordinator, Sued in his Official and Individual Capacities; Darin Young, Warden, of the South Dakota State Penitentiary, Sued in his Official and Individual Capacities; Denny Kaemingk, Secretary of Corrections, Sued in his Official and Individual Capacities; Miranda Ward, SDSP Case Manager, Sued in her Official and Individual Capacities; Riley DeGroot, SDSP Case Manager, Sued in his Official and Individual Capacities; Troy Ponto, SDSP Associate Warden, Sued in his Official and Individual Capacities; Darik Beiber, SDSP Unit Manager, Sued in his Official and Individual Capacities; Val McGovern, Board Staff, Sued in her Official and Individual Capacities

*Defendants - Appellees*

Stacy Cole, Board Staff, Sued in her Official and Individual Capacities; Kayla Stucky, Board Staff, Sued in her Official and Individual Capacities; Ashley McDonald, DOC Attorney, Sued in her Official and Individual Capacities

*Defendants*

Pennington County, Respondeat Superior, for Pennington County State's Attorney Office

*Defendant - Appellee*

South Dakota Department of Corrections; South Dakota Board of Pardons and Paroles

*Defendant*s

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: May 17, 2018
Filed: May 30, 2018
[Unpublished]

_____

Before SHEPHERD, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, South Dakota inmate Joseph Flying Horse appeals the district court's[1] interlocutory order denying his motion for a preliminary injunction.

After careful review of the record and the parties' arguments on appeal, we conclude that this appeal is moot because the relief Flying Horse sought--an injunction addressing his detention after the expiration of his detainer, as well as issues related to his potential parole revocation--is now moot as his parole was revoked following a hearing. See Bierman v. Dayton, 817 F.3d 1070, 1072 (8th Cir. 2016) (dismissing for lack of jurisdiction where appeal of order denying preliminary injunction became moot because act sought to be enjoined had occurred).

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

Accordingly, we dismiss this appeal as moot and deny Flying Horse's pending motion.

_____