**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 5, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DERMA PEN, LLC,

     Plaintiff Counterclaim
     Defendant,

v.

4EVERYOUNG LIMITED, doing
business as DermapenWorld;
BIOSOFT (AUST) PTY LTD, doing
business as DermapenWorld;
EQUIPMED INTERNATIONAL PTY
LTD, doing business as
DermapenWorld; STENE MARSHAL,
doing business as DermapenWorld,

     Defendants Counterclaim
     Plaintiffs-Appellees,

v.

MICHAEL E. ANDERER,

     Counterclaim Defendant
     Appellant,

and

JEREMY JONES; MICHAEL J.
MORGAN; CHAD MILTON;
MEDMETICS, LLC, a Delaware
limited liability company; JOHN
DOES 1-25,

     Counterclaim Defendants.

No. 15-4040
(D.C. No. 2:13-CV-00729-DN-EJF)
(D. Utah)

## ORDER AND JUDGMENT[*]

Before **TYMKOVICH**, Chief Judge, **BRISCOE**, and **HARTZ**, Circuit Judges.[**]

The parties are familiar with the complex procedural history of this case involving trademark infringement and counterclaims for breach of contract.[1] This is an interlocutory appeal in which Michael Anderer sought review over several injunctive orders as well as orders holding him in civil contempt. Anderer asserted we had jurisdiction to review the injunctive orders under 28 U.S.C. § 1292(a)(1). As for the civil contempt orders, Anderer argued we should exercise pendent appellate jurisdiction to review them along with the injunctive orders. *See Cox v. Glanz*, 800 F.3d 1231, 1255 (10th Cir. 2015).[2] We noted jurisdictional issues and abated the appeal while the case proceeded below.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] In accordance with our order of March 21, 2018, this matter was submitted on the briefs.

[1] *See generally Derma Pen, LLC v. 4EverYoung Ltd.*, 2017 WL 2258362 (D. Utah May 22, 2017); *Derma Pen, LLC v. 4EverYoung Ltd.*, 2015 WL 803148 (D. Utah Feb. 26, 2015), *vacated*, 2016 WL 4532106 (D. Utah Aug. 29, 2016).

[2] Anderer made other jurisdictional arguments, but we find them unpersuasive.

We now dismiss for lack of jurisdiction.  During the time this appeal was abated, the district court vacated all of the various injunctions.  Anderer's challenges to those injunctions are therefore moot.  *See Fleming v. Gutierrez*, 785 F.3d 442, 445 (10th Cir. 2015).  Since we do not have jurisdiction to review the now-vacated injunctions, we cannot have pendent appellate jurisdiction to review the contempt orders in this appeal (which have now merged with the final judgment).  In any event, we have dealt with many of the same issues in Anderer's appeal after final judgment in case 17-4105.

We therefore **DISMISS** this appeal.  We also **GRANT** Anderer's unopposed motion to seal various parts of the record.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge