# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1257

_____

FIMCO, Inc.

*Plaintiff - Appellee*

v.

Chad Funk

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: November 13, 2018
Filed: January 18, 2019
[Unpublished]

_____

Before BENTON, BEAM, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

In July 2016 FIMCO, Inc., filed an action against Chad Funk in state court alleging that Funk, a former employee, breached a Non-Competition and Confidentiality Agreement (Agreement) entered into by the parties in September 2013. Funk's employment of approximately three years with FIMCO ended in February 2016 and FIMCO alleged that Funk began working for Heartland

Agriculture, LLC (Heartland Ag) soon after. Upon removal to federal court, the district court[1] granted summary judgment in favor of FIMCO, determining that the noncompete provisions at issue were enforceable and that Funk was in breach. The district court entered a one-year injunction on November 6, 2017, under which the court ordered that Funk terminate his employment with Heartland Ag and enjoined Funk from various competitive acts specifically discussed in the order. Funk appealed, challenging the merits of the district court's summary judgment order as well as the injunctive relief afforded by the court. Funk did not seek a stay of the district court's injunction pending appeal and, we assume, fully complied with the court's proscription. That injunction expired on its own terms on November 6, 2018, while this appeal was pending. Following the expiration of the injunction, this court sought supplemental briefing from the parties on the issue of mootness.

"We are empowered by Article III to render opinions only with respect to live cases and controversies, meaning, among other things, that if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, we must dismiss the case, rather than issue an advisory opinion." Stevenson v. Blytheville Sch. Dist. No. 5, 762 F.3d 765, 768 (8th Cir. 2014) (quoting Indep. Party of Richmond Cty. v. Graham, 413 F.3d 252, 255-56 (2d Cir. 2005)).

In the instant action, the fundamental concept of mootness is quite straightforward in that when an injunction expires by its own terms there is nothing to review. Briggs & Stratton Corp. v. Local 232, Int'l Union, Allied Indus. Workers of Am. (AFL-CIO), 36 F.3d 712, 713 (7th Cir. 1994). Here, the imposed one-year injunction as to Funk has expired and the matter appealed has, indisputably, become moot. Funk argues that a current case or controversy exists by virtue of the existence

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

of a judgment against him that might adversely affect his future employment opportunities. See Jones v. Snead, 431 F.2d 1115, 1116 (8th Cir. 1970) (Since collateral effects may flow from the penalty, the expiration of the semester suspensions does not moot this controversy."). The speculative possibility of this assertion is not a basis for retaining jurisdiction over a moot case, especially when this action is based on an Agreement that no longer applies to Funk, and nothing remains to be resolved as between the two parties.[2] Brazil v. Ark. Dep't of Human Servs., 892 F.3d 957, 960 (8th Cir. 2018) (holding that to satisfy the case-or-controversy requirement the party must be under a real and immediate threat of injury and a conjectural or hypothetical possibility of future harm is insufficient); Hedberg v. State Farm Mut. Auto. Ins. Co., 350 F.2d 924, 933 (8th Cir. 1965) (addressing mootness on its own accord and finding that a controversy remained although an injunction concerning a restrictive agreement had expired because the complaint embraced a request for damages as well, which flowed directly from the agreement and remained unresolved).

There are several potential ways around a mootness conclusion as argued by Funk, but none are at play here. For example, a controversy may be capable of repetition but evade review because of its short duration. FEC v. Wis. Right to Life, Inc., 551 U.S. 449, 462 (2007). We see no apparent reason why a similar future action could not be fully litigated before the case becomes moot, most particularly if a similarly situated future party takes advantage of available procedural options. Iowa Prot. and Advocacy Servs. v. Tanager, Inc., 427 F.3d 541, 544 (8th Cir. 2005). And, the "evading review" doctrine applies only in exceptional situations not existing here, that is if there is "a reasonable expectation that the same complaining party will be subject to the same action again." Wis. Right to Life, 551 U.S. at 462 (quoting

_____

[2]On this point, we likewise grant FIMCO's pending motion to supplement the record and take judicial notice of Funk's re-employment with Heartland Ag, evidenced on his publically available LinkedIn page.

<u>Spencer v. Kemna</u>, 523 U.S. 1, 17 (1998)).  We have no reasonable basis upon which to expect that Funk will return to his employment at FIMCO and operate under this particular Agreement yet again.  We likewise reject any alleged public policy concerns that might arise from the facts presented here.  This just is not such a case.  Funk argues that if the district court could award injunctive relief as it did here, a similar determination could be resurrected in instances where a noncompete period has expired, which Funk claims is a critical, justiciable issue concerning a fundamental question of federal practice and procedure that must be addressed in order to avoid unnecessary repetition and likely evasion.  We disagree that this case presents an issue of public interest warranting appellate review on these unique facts.  We are unconvinced that if a controversy of this sort occurred again it would evade review, as district courts are equipped to address and analyze issues of equitable relief as were presented in this matter.

This appeal is dismissed as moot.

_____